IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 97-21 |
| | : | |
| JAMAL HART | : | |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                                                                 **November 29, 2023**

In 1998, Petitioner Jamal Hart was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the Court imposed an enhancement pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on four prior state robbery convictions and a state drug offense conviction. Hart finished serving his sentence in 2016. He now moves for a writ of error coram nobis vacating the sentence enhancement and declaring he is not an armed career criminal, arguing his sentence was constitutionally invalid under *Johnson v. United States*, 576 U.S. 591 (2015). Because Hart has not shown he meets the requirements for coram nobis relief, the motion will be denied.

**BACKGROUND**

On January 21, 1997, Jamal Hart was charged with one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Indictment, ECF No. 1. On February 3, 1997, the Government filed a notice of its intent to seek a sentencing enhancement under the ACCA. Notice Prior Convictions, ECF No. 6. The notice listed five prior state convictions: three robberies Hart committed at age sixteen, but for which he was charged as an adult; a drug offense committed at age nineteen; and another robbery committed at nineteen. *See id*; *see also* Def.'s Mot. Relief Sentence 2, ECF No. 128. Hart was convicted of the § 922(g)(1) violation following a jury trial. *See* Jury Verdict, ECF No. 70.

1

Because the Government sought a sentencing enhancement under § 924(e), Hart's sentencing exposure increased from a maximum of ten years to a minimum of fifteen years, up to life imprisonment. The Honorable Herbert J. Hutton sentenced Hart to 188 months of imprisonment, followed by five years of supervised release. J., ECF No. 87. Hart's sentence was affirmed on appeal and on collateral attack. *See In re: Jamal Hart*, 192 F. App'x 112, 113 (3d Cir. 2006) (summarizing Hart's attempts to overturn his sentence). Hart served the full term of imprisonment and successfully completed supervised release; he was discharged on March 22, 2016.[1] Def.'s Suppl. Mem. 1, ECF No. 132.

Hart now moves for a writ of error coram nobis vacating his sentence enhancement under 18 U.S.C. § 924(e) and declaring he is not an armed career criminal. Def.'s Mot. Relief Sentence 4, ECF No. 128. He argues pursuant to *Johnson v. United States*, 576 U.S. 591 (2015), that his sentence was constitutionally invalid because his robbery convictions are not violent felonies.[2] *Id.* at 3. Many of the legal issues raised by *Johnson* and its progeny have now been resolved,[3] but

---

[1] Hart's probation was transferred to the Middle District of North Carolina in 2012. Transfer Jurisdiction, ECF No. 126. The transfer of probation jurisdiction, however, did not affect this Court's jurisdiction over Hart's request for coram nobis relief. *See, e.g.*, *United States v. Lall*, Crim No. 20-223, 2023 WL 4045139, at *2 (D.N.J. June 16, 2023) (noting a writ of coram nobis "can be filed only in the court where the alleged errors occurred" and the All Writs Act, 28 U.S.C. § 1651, "is not among the statutory provisions for which jurisdiction is automatically transferred[.]" (citations omitted)).

[2] *Welch v. United States*, 578 U.S. 120, 135 (2016), made *Johnson* retroactive on collateral review. Hart's motion was filed approximately two months after the *Welch* decision.

[3] *See, e.g.*, *United States v. Mayo*, 901 F.3d 218, 220 (3d Cir. 2018) (holding first-degree aggravated assault, in violation of 18 Pa. Cons. Stat. § 2702(a)(1), is not a violent felony as defined by the ACCA); *Borden v. United States*, 141 S. Ct. 1817, 1821 (2021) (holding crimes that can be committed with a *mens rea* of recklessness do not qualify as violent felonies under the ACCA); *United States v. Jenkins*, 68 F.4th 148, 150 (3d Cir. 2023) (holding second-degree aggravated assault, in violation of 18 Pa. Cons. Stat. § 2702(a)(3), is not a violent felony under the ACCA); *United States v. Henderson*, 64 F.4th 111, 114 (3d Cir. 2023) (holding conspiracy to commit robbery is not a violent felony for ACCA purposes); *United States v. Harris*, 68 F.4th 140, 141

there are still open questions as to whether certain sub-sections of Pennsylvania's robbery statute, 18 Pa. Cons. Stat. § 3701, are violent felonies for ACCA purposes.[4] And even as the appellate courts resolved various legal questions after *Johnson*, the Third Circuit has also clarified the standards governing motions for writs of error coram nobis. *See United States v. De Castro*, 49 F.4th 836 (3d Cir. 2022); *see also Ragbir v. United States*, 950 F.3d 54 (3d Cir. 2020). Accordingly, on April 20, 2023, the Court ordered Hart to file a supplemental brief addressing these case law developments. The Government opposes relief.

**DISCUSSION**

The All Writs Act, 28 U.S.C. § 1651, allows federal courts to issue a writ of error coram nobis to petitioners who are no longer in custody but still face collateral consequences from a conviction. *See United States v. Morgan*, 346 U.S. 502, 506-11 (1954). The writ is a "rare remedy," *De Castro*, 49 F. 4th at 842, "limited to extraordinary cases presenting circumstances compelling its use to achieve justice." *Ragbir*, 950 F.3d at 62 (internal quotation marks and citations omitted). Motions for a writ of error coram nobis:

> may be granted only if five prerequisites are met: 'the petitioner (1) is no longer in custody; (2) suffers continuing consequences from the purportedly invalid convictions; (3) provides sound reasons for failing to seek relief earlier; (4) had no available remedy at the time of trial; and (5) asserted error(s) of a fundamental kind.'

---

(3d Cir. 2023) (applying *Mayo* to a conviction for aggravated assault and vacating an ACCA sentencing enhancement).

[4] *See Mayo*, 901 F.3d at 231, fn. 16 ("[W]e do not address at this time whether Mayo's robbery convictions [under 18 Pa. Cons. Stat. § 3701(a)(1)(ii)] qualify [as a violent felony] under the ACCA's elements clause."); *see also Harris*, 68 F.4th at 143 (noting the Government's concession that two of the three sub-sections defining first degree robbery, and the second-degree robbery sub-section of Pennsylvania's robbery statute can be committed recklessly and so are no longer ACCA predicate offenses after *Borden*); *Id.* at 148, fn. 7 ("[W]e do not address whether his first-degree conviction for robbery [under the third sub-section] qualifies as a predicate offense under ACCA.").

*De Castro*, 49 F. 4th at 842 (quoting *Ragbir*, 950 F.3d at 62). This standard is demanding, and "a petition must be denied if even one element is not satisfied." *Id.* Hart meets the first condition for coram nobis relief, as he is no longer in custody.

Turning to the second condition, a defendant petitioning for a writ of error coram nobis must show he "suffers continuing consequences from the purportedly invalid conviction[.]" *Ragbir*, 950 F.3d at 62. Consequences which can support issuance of a writ include deportation proceedings, the loss of voting rights, and a judgment which "has been the basis for a second offender sentence under a later conviction." *United States v. Cariola*, 323 F.2d 180, 182 (3d Cir. 1963) (citations omitted). While there are still open questions as to what other continuing consequences might merit relief, Hart's motion does not impute those questions. *See United States v. Osser*, 864 F.2d 1056, 1060 (3d Cir. 1988) ("[W]e will assume, without deciding, that Osser has established the loss of a pension and that it is a cognizable collateral consequence."); *see also id.* at 1060, fn. 3 ("We need not, and do not, decide here that the possibility of heavier punishment in the event of a conviction in the future may be a cognizable collateral consequence."). Rather, where "the only consequence alleged is the petitioner's embarrassment and loss of prestige[,] [t]his is not enough to justify a judicial determination . . . The moral stigma of a judgment which affects no legal rights presents no case or controversy of federal cognizance." *Cariola*, 323 F.2d at 182.

Counsel for Hart claims that "[b]earing the perpetual label of an 'armed career criminal' severely inhibits Mr. Hart's opportunities . . . to obtain steady work, to advance in his chosen field of endeavor, and otherwise to participate in society as a productive citizen, even beyond the difficulties attendant upon being a convicted felon." Def.'s Mot. Relief Sentence 4, ECF No. 128. Counsel further elaborates: "[i]f granted a hearing Mr. Hart can testify to how, when potential contract partners, public or private, conduct a background check, they encounter the opprobrious

and frightening label [of an 'armed career criminal'] that is forever wrongly attached to his name." Def.'s Suppl. Mem. 10, ECF No. 132. The Government maintains this type of reputational harm is insufficient to merit coram nobis relief. Gov't's Resp. Opp'n 5, ECF No. 130.

Though the Court acknowledges the continuing influence of Hart's sentencing enhancement, it agrees with the Government. Hart has not set forth any continuing *legal* consequences of the ACCA conviction which would be changed by the requested relief. And since "a petition [for a writ of error coram nobis] must be denied if even one element is not satisfied," the Court need not consider the remaining three conditions. *De Castro*, 49 F.4th at 842. Because Hart does not meet at least one of the five conditions established by the Third Circuit for coram nobis relief, the motion is denied.

An appropriate Order follows.

BY THE COURT:

 /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.